## Commonwealth *v.* Hardy, Appellant.

Argued May 24, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*Samuel H. Stewart,* for appellant.

*I. Newton Taylor,* District Attorney for appellee.

OPINION BY MR. JUSTICE PARKER, June 30, 1943:

Defendant was found guilty by a jury of murder in the second degree and has appealed from the sentence imposed upon him. It is apparent from a reading of the record that the jury gave him the benefit of the facts that he was a World War veteran, that he had been wounded in service and was a cripple, when they did not find him guilty of murder in the first degree. The sole reasons assigned for a new trial are alleged errors in the charge of the court.

Defendant's mother, his sister and the sister's husband, Harry K. Bickel, lived with defendant in Union Township, Huntingdon County. Shortly before ten A. M. on October 22, 1942, Harry K. Bickel was found by his mother-in-law in a dying condition under an apple tree about one hundred twenty feet from defendant's home. He was suffering from a gun-shot wound and died a few hours later without recovering consciousness.

The Commonwealth showed that defendant arose about eight A. M. on the day of the killing, that he took a large drink of whiskey and had his breakfast, that at about ten A. M. he decided to shoot at mark and had his mother place a target in the yard and two chairs in the door of his home so that he could sit on one of them and rest his rifle on the other. He discharged a number of shots at the target. A short time later the mother missed Bickel, who was eighty-two years of age, and on looking for him found him as we have stated. The apple tree was forty feet beyond the target and not far from the line of fire of the rifle. These facts were admitted by defendant.

The Commonwealth also showed by two written confessions, sworn to before a justice of the peace and made within five days after the fatality, that defendant wilfully and intentionally shot Bickel. Defendant stated his intent in this language: "Anyhow about this time a thought came into my mind that he had caused me a lot of trouble and this would be a good chance for me to get rid of him because I was shooting mark and could make it look like an accident." He then described how he reloaded his rifle, aimed at Bickel's hat which was drawn over his head close to his ears, and pulled the trigger. He stated that he knew he hit him because he "dropped right away" and that he did not tell his mother who was the only other person present, the sister being away from home.

The second confession differed from the first in that he assigned as his motive in the first a personal grudge

and in the second that he had committed the crime at the urgent insistence of his sister and after threats by her. There was ample corroboration of the essential facts set forth in the confessions and there was no reason shown which would have justified the rejection of the confessions as evidence. He pleaded guilty at the preliminary hearing before a justice of the peace.

When defendant took the stand he stated that the facts given in the confession were not correct and that he did not know he had shot Bickel until his mother found him. He gave a weak explanation for the confession: "I was kept questioned too much, my leg hurt me, I was almost exhausted". There was no other evidence of compulsion or duress in the making of these confessions.

There are nine assignments of error, two of which are general in form and do not require special consideration. The remaining assignments complain of the refusal without reading of points submitted to the trial judge for charge. The second assignment, which is illustrative of the others, complains of the refusal of this point: "2. If you believe that the defendant, Donald H. Hardy, did not intend to kill Harry K. Bickel or to inflict serious bodily injury upon him, your verdict must be not guilty of murder." This point, as well as other points refused which were the subject of the remaining assignments of error, was intended to call the jury's attention to the defendant's main contention, that he did not know Bickel was in the line of fire, that as a result he could not have had any criminal intent, and that, therefore, he could not under those circumstances be convicted of murder or voluntary manslaughter. This subject was covered in the general charge.

The trial judge in addition to defining each of the crimes of which defendant could be convicted under the indictment covered the special subject clearly and in a manner that could not be misunderstood by the jury. He instructed the jury as follows: "Now the defendant

says here, or puts up the defense that if he did shoot him, and he denies that he did, that he was accidentally shot. When the defense is that the deceased was killed accidentally, the burden of proving such accidental death is not imposed upon the prisoner. It is the duty of the Commonwealth to prove that the killing was wilful and intentional; and if the evidence taken as a whole raises a reasonable doubt in the minds of the jury as to whether the killing was accidental or intentional, you must acquit the accused, for the reason that the Commonwealth has failed to sustain its case. A person on trial for murder cannot be convicted of any offense if the testimony shows that the death was accidental, but if all the facts and circumstances in evidence satisfy the jury beyond a reasonable doubt that the killing was criminal and not accidental, such defense of accident cannot prevail."

"Although points which state correctly abstract propositions of law, where the jury might find there was some evidence to make them applicable, should ordinarily be affirmed without qualification, yet where the same proposition has been fully explained in the charge itself, a repetition becomes unnecessary": *Com. v. Weston*, 297 Pa. 382, 387, 147 A. 79; *Com. v. Duca*, 312 Pa. 101, 113, 165 A. 825; *Com .v. Lockett*, 291 Pa. 319, 325, 139 A. 836.

One other assignment complains of the refusal of the court below to define involuntary manslaughter. The defendant could not have been convicted of involuntary manslaughter under the indictment being tried: *Com. v. Mayberry*, 290 Pa. 195, 138 A. 686, and cases there cited. It follows that the trial judge was not required to give a definition of that crime: *Com. v. Micuso*, 273 Pa. 474, 477, 117 A. 211.

A number of the points which are the subject of the assignments of error were not accurate statements of the law. However, it is sufficient to say that the matters complained of in all of these assignments were covered

in the general charge. The issue was not complicated and was one that the jury must have understood. We are convinced that the defendant had a fair and legal trial and that the evidence sustains the verdict beyond a reasonable doubt.

Judgment affirmed.