Commonwealth *v.* Satchell, Appellant.

Submitted April 15, 1968.   Before BELL, C. J., MUS-
MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Melvin Dildine,* Assistant Defender, and *Herman I.
Pollock,* Defender, for appellant.

*Roger F. Cox* and *Michael J. Rotko,* Assistant Dis-
trict Attorneys, *Richard A. Sprague,* First Assistant
District Attorney, and *Arlen Specter,* District Attor-
ney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, July 1, 1968:

Appellant is presently serving a life sentence im-
posed pursuant to a 1964 guilty plea to murder.   After
an evidentiary hearing during which appellant was
represented by court appointed counsel, his first post-
conviction petition was denied in April, 1967.   No
appeal was taken from this denial; rather, appellant
filed a second petition which was denied in December,
1967 without a hearing.   This appeal, raising two is-
sues of first impression, was taken from that denial.

Initially, appellant contends that subsections (b)
and (c) of §4 of the Post Conviction Hearing Act, Act
of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-
4(b) and (c) (Supp. 1967) are unconstitutional.   They
provide:   "(b) For purposes of this act, an issue is
waived if:   (1) The petitioner knowingly and under-
standingly failed to raise it and it could have been
raised before the trial, at the trial, on appeal, in a

habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this act; and (2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue. (c) There is a rebuttable presumption that failure to appeal a ruling or raise an issue is a knowing and understanding failure."

The first prong of appellant's attack against the constitutionality of this provision is premised upon an argument that it permits the post-conviction court to infer a waiver where the record is silent. Cited to support this attack are cases such as *Carnley v. Cochran*, 369 U.S. 506, 82 S. Ct. 884 (1962) and *Johnson v. Zerbst*, 304 U.S. 458, 58 S. Ct. 1019 (1938) which do indeed hold that it is impermissible to infer from a silent record that an indigent accused has waived the assistance of counsel.[1] This argument suffers, however, from a failure to distinguish two distinct concepts both of which are usually treated under the rubric of "waiver." *Carnley* and *Johnson* are concerned with the standard applied when determining if a constitutional right, e.g., the assistance of counsel, has been waived. Section 4, on the other hand, focuses upon whether the opportunity to challenge an alleged constitutional deprivation is now foreclosed by a failure to assert that deprivation in earlier litigation. This is a rule of procedural finality, not one governing whether an accused has decided to forego a substantive constitutional right to which he would otherwise be entitled. Such a distinction has received explicit recognition in our cases. Discussing whether failure to ob-

---

[1] These cases have their counterpart in this Court. See, e.g., *Commonwealth v. Wilson*, 430 Pa. 1, 241 A. 2d 760 (1968); *Commonwealth ex rel. Mullins v. Maroney*, 428 Pa. 195, 236 A. 2d 781 (1968).

ject to the admission of an allegedly coerced confession at trial precluded, under the doctrine of waiver, a collateral attack upon that confession, we said: "Waiver is here used not in the sense of whether the right itself was waived, a standard which is part of the constitutional right and thus a constitutional imperative for the states, but rather whether the opportunity to litigate an asserted denial of the right was waived by failure to do so in a prior proceeding." *Commonwealth v. Snyder,* 427 Pa. 83, 87 n.1, 233 A. 2d 530, 533 n.1 (1967).

Subsection (b) thus does not even involve the question of whether a waiver can be inferred from a silent record. The waiver it is concerned with is based upon the post-conviction applicant's failure to raise the now claimed constitutional deprivation in a prior proceeding; and to the extent that a *record* is required, all that need be shown is a prior post-conviction proceeding conducted with the assistance of counsel. It is now well established that §4's standard of waiver, i.e., whether the post-conviction applicant has deliberately bypassed state procedures available for litigation of his claim, is identical to that employed by the federal courts. Compare *Commonwealth v. Cheeks,* 429 Pa. 89, 97, 239 A. 2d 793, 797 (1968) and *Commonwealth v. Snyder,* supra at 88-94, 233 A. 2d at 533-36 with *Henry v. Mississippi,* 379 U.S. 443, 452, 85 S. Ct. 564, 570 (1965). Two issues are thus posed: (1) is the Post Conviction Hearing Act an available state procedure and (2) can a prisoner, who fails to raise an issue in a prior post-conviction proceeding during which he was represented by counsel, be deemed to have deliberately bypassed an available state procedure. As §2 of the act proclaims, it is available to a prisoner to assert any claimed constitutional denial: "This act establishes a post-conviction procedure for providing relief from convictions obtained and sentences imposed without due

process of law. The procedure hereby established shall encompass all common law and statutory procedures for the same purpose that exist when this statute takes effect, including habeas corpus and coram nobis."

Given the availability of this procedure to assert any of the prisoner's claims and assuming that the prisoner was represented (as was appellant) during the proceedings connected with his first petition, failure to assert in that first proceeding claims which were then available would constitute a deliberate bypass of an available state procedure thus foreclosing later litigation of that claim. See *Commonwealth v. Stevens,* 429 Pa. 593, 601, 240 A. 2d 536, 540 (1968); *Commonwealth ex rel. Berkery v. Myers,* 429 Pa. 378, 389, 239 A. 2d 805, 809 (1968). We thus conclude that the waiver standard of §4 is not violative of the Constitution.

Alternatively, appellant argues that the presumption created by subsection (c) is in conflict with *United States v. Romano,* 382 U.S. 136, 86 S. Ct. 279 (1965). Attacked in *Romano* was a federal statute which provided that the presence of a defendant at the site of an illegal still " 'shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such presence to the satisfaction of the jury. . . .' " The Supreme Court held that a presumption cannot withstand constitutional attack (the presumption in *Romano* did not) "where the inference is so strained as not to have a reasonable relation to the circumstances of life as we know them" and added that the constitutionality of a presumption depends upon the "rationality of the connection 'between the facts proved and the ultimate fact presumed.' "[2] Id. at 139, 86 S. Ct. at 281.

---

[2] See also *United States v. Gainey,* 380 U.S. 63, 85 S. Ct. 754 (1965); *Tot v. United States,* 319 U.S. 463, 63 S. Ct. 1241 (1943).

The facts proven before subsection (c) applies would be that a post-conviction applicant participated in a prior post-conviction proceeding at which time he was represented by counsel. The ultimate fact presumed would be that failure to assert the now claimed constitutional denial in the prior proceeding was knowing and understanding. We find in *Norvell v. Illinois*, 373 U.S. 420, 83 S. Ct. 1366 (1963) approval for such a presumption. Petitioner Norvell alleged that the failure of Illinois to supply him with a free transcript of his trial was a violation of *Griffin v. Illinois*, 351 U.S. 12, 76 S. Ct. 585 (1956); his transcript was no longer available because of the death of the court reporter. Stressing that Norvell had trial counsel, the Supreme Court denied Norvell relief: "For, where transcripts are no longer available, Illinois may rest on the presumption that he who had a lawyer at the trial had one who could protect his rights on appeal." 373 U.S. at 424, 83 S. Ct. at 1369. If Illinois can rest on the presumption that trial counsel was available to protect an indigent's right to a free transcript, we believe Pennsylvania can rest upon the presumption that post-conviction counsel informed his client of all the available grounds of attack. See *Commonwealth v. Kizer*, 428 Pa. 99, 236 A. 2d 515 (1967); cf. Pa. R. Crim. P. 1504 (effective August 1, 1968). So informed, if the prisoner chose not to assert an available ground of attack in his first petition, he cannot later assert this ground.

However, under subsection (b)(2) of §4 the post-conviction applicant is given an opportunity to rebut this presumption by a showing of "extraordinary circumstances" which would justify his failure to raise the alleged constitutional denial in his first petition. Appellant's second petition does contain at least one allegation not pressed in his first petition but contains no allegation made in an attempt to show the

presence of the requisite extraordinary circumstances. The court below, recognizing that §7 of the Post Conviction Hearing Act might require that appellant be given leave to amend to include his reasons, if any, for failure to raise the new allegation in his prior petition, nevertheless dismissed appellant's petition without permitting amendment.[3] The second issue thus before us is whether appellant should have been given leave to amend.

Section seven, in relevant part, states: "No petition may be dismissed for want of particularity unless the petitioner is first given an opportunity to clarify his petition." We believe that appellant should have been permitted to amend his petition to include therein his reasons for failing to press his new allegation in his prior petition. In light of §7's clear legislative directive, we have held that a petition which contains no factual averments supporting an alleged constitutional denial cannot be dismissed without first giving the petitioner an opportunity to amend. *Commonwealth v.*

---

[3] The following appears (at 29-30) in the record of the oral argument held pursuant to appellant's second petition: "THE COURT: I am going to give him [appellant] the right to amend. I am going to give him the proper time to amend. I am going to dismiss the petition without prejudice, with leave for this petitioner—that doesn't seem to have application—I can't quite see the application of the right to amend where he has failed to set forth extraordinary reasons for his failure—MR. COX [Assistant District Attorney]: That was why I asked if he could state any today—we could settle that point finally—whether he has any extraordinary reasons or not. THE COURT: This thing is so new there is no appellate decision on this, and I find the two sections [§§4 and 7] a bit irreconcilable. Well, there is one way to get an appellate guidance. I am going to reverse my stand. I am going to dismiss the petition for failure under §4(b), 4(c) and 4(b)(2) to have set forth extraordinary reasons, therefore deciding that he has knowingly and understandingly failed to raise these matters, and he knowingly and understandingly waived those claims which he now makes. I dismiss the petition."

*Stokes*, 426 Pa. 265, 232 A. 2d 193 (1967). Although appellant's petition does recite facts which, if true, would entitle him to relief, he gives no reason for his failure to raise these claims in his first petition. We can find no relevant distinction for purposes of §7 between a petition which contains no factual averments supporting the alleged constitutional deprivation and one which does but fails to allege circumstances sufficient to show, if believed, that the petitioner's prior petition should not operate as a waiver. In either case a dismissal without giving leave to amend would be a dismissal for want of particularity and such a dismissal is prohibited by §7. Accordingly, this litigation must be remanded with directions that appellant be permitted to amend his petition.

The order of the Court of Oyer and Terminer of Philadelphia County is vacated and the record remanded with instruction to permit Ernest Satchell to amend his petition filed at No. 627, December Sessions, 1964.

Mr. Justice COHEN took no part in the consideration or decision of this case.