Commonwealth *v.* Storch, Appellant.

Submitted September 30, 1968. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Ernest Earl Storch,* appellant, in propria persona.

*Robert F. Hawk,* Assistant District Attorney, and *John H. Brydon,* District Attorney, for appellee.

122

OPINION BY MR. JUSTICE ROBERTS, November 12, 1968:

Appellant is a convicted murderer serving a life sentence. His most recent PCHA petition was dismissed without a hearing on the grounds that all but an unlawful search and seizure claim had been previously litigated, and that there was no merit in the search and seizure claim since the challenged conduct occurred prior to *Mapp v. Ohio,* 367 U.S. 643, 81 S. Ct. 1684 (1961). Appellant, however, contends that he was denied the right to counsel for appeal as guaranteed by *Douglas v. California,* 372 U.S. 353, 83 S. Ct. 814 (1963), arguing that if given a direct appeal, his judgment would not be "final" and he could thus raise his *Mapp* claim under *Linkletter v. Walker,* 381 U.S. 618, 85 S. Ct. 1731 (1965).

The Commonwealth argues that appellant did not raise his *Douglas* claim in his PCHA petition, and it is thus not properly before this Court. However, in the course of his petition, appellant stated that his "attorney refused to take appeal as I requested at time of trial". Although appellant's hand-drawn petition may not have set out these facts in what the prosecutor considered to be the usual place, we feel that the above allegation is sufficient to preserve appellant's claim. There is no clear indication in the record before us that appellant's appointed counsel abandoned this claim at argument on appellant's petition. As a result, the denial of appellant's *Douglas* claim without a hearing is properly before us.*

* The prosecutor also claims that appellant's appeal should be dismissed because it was filed more than thirty days from the denial of his petition. Appellant believed that he had thirty days from the denial of his motion for reconsideration in which to appeal and he did appeal within this time period. At this point, appellant was no longer represented by counsel. Since the whole point of appellant's *Douglas* claim is that he was unable to prose-

Appellant's allegation, if proven true, would entitle him to relief, and there is nothing on the record that contradicts appellant's claim. Thus appellant is entitled to a hearing to determine if he was denied his right to counsel for appeal. See, e.g., *Commonwealth v. Stokes*, 426 Pa. 265, 232 A. 2d 193 (1967); *Commonwealth ex rel. West v. Myers*, 423 Pa. 1, 222 A. 2d 918 (1966). If appellant is awarded a direct appeal, he can then attempt to raise his *Mapp* claim and any other trial exceptions, none of which do we now consider.

The order of the Court of Oyer and Terminer of Butler County is vacated and the case is remanded for a hearing in accordance with this opinion.

Mr. Justice MUSMANNO did not participate in the decision of this case.

Mr. Justice COHEN took no part in the consideration or decision of this case.

---

cute his direct appeal without the assistance of counsel, it would make little sense to deny him the right to have that claim considered because, again without counsel, he filed a PCHA appeal late due to an understandable misconstruction of a procedural provision which caused no prejudice to the prosecution. Cf. *Commonwealth v. Satchell*, 430 Pa. 443, 243 A. 2d 381 (1968); *Commonwealth v. Mumford*, 430 Pa. 451, 243 A. 2d 440 (1968).