344 A.2d 816

**COMMONWEALTH of Pennsylvania**

v.

**Aron BARNES, Appellant.**

Supreme Court of Pennsylvania.

Argued March 10, 1975.

Decided Oct. 3, 1975.

Stephen H. Hutzelman, Erie, for appellant.

Robert H. Chase, Dist. Atty., Bernard L. Siegel, 1st Asst. Dist. Atty., Erie, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM.

Order affirmed.

ROBERTS, J., filed a dissenting opinion in which MANDERINO, J., joins.

ROBERTS, Justice (dissenting).

Appellant Aron Barnes entered a plea of guilty to a charge of voluntary manslaughter on November 6, 1973, and was sentenced to a term of four to ten years in prison. Thereafter he filed a Post Conviction Hearing Act*

* Act of January 25 (Supp.1975), 1966, P.L. (1965) 1580, 19 P.S. §§ 1180–1–14.

250

petition alleging ineffective assistance of counsel and denial of his constitutional rights generally.

Although the specific grounds for relief alleged in the petition were meritless, appellant requested permission to amend the petition claiming to have a meritorious basis for PCHA relief. The PCHA court denied permission to amend and dismissed the petition without a hearing. By its per curiam order today, this Court affirms that order. I dissent.

The Post Conviction Hearing Act of January 25, 1966, P.L. (1965) 1580, § 7, 19 P.S. § 1180–7 (Supp.1975) provides: "Amendment shall be freely allowed in order to achieve substantial justice. No petition may be dismissed for want of particularity unless the petitioner is first given an opportunity to clarify his petition." See also *Commonwealth v. Satchell*, 430 Pa. 443, 450–51, 243 A.2d 381, 384 (1968).

I would therefore reverse the order and remand with directions to allow the amendment.

MANDERINO, J., joins in this dissenting opinion.