401 A.2d 1139
**COMMONWEALTH of Pennsylvania**
v.
**Logan Warren McLAUGHLIN, Appellant.**
Supreme Court of Pennsylvania.
Argued March 9, 1979.
Decided May 30, 1979.

268

Richard H. Milgrub, Public Defender, Clearfield, for appellant.

Thomas F. Morgan, Dist. Atty., Laurance B. Seaman, Asst. Dist. Atty., Clearfield, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Logan Warren McLaughlin, was tried by a judge sitting with a jury in connection with the homicide of

his wife, Mary Diane McLaughlin.[1] The jury returned a verdict of guilty of murder of the second degree. Post-verdict motions were denied and appellant was sentenced to a term of imprisonment of ten to twenty years at a state correctional institution. This direct appeal followed.

The facts are as follows. Appellant and his wife were having marital difficulties. These difficulties prompted Mrs. McLaughlin to return to Clearfield, Pennsylvania, from their home in Trenton, New Jersey. Appellant, wanting to reconcile their differences, rented a car in Trenton and drove to Clearfield, where he confronted his wife and her paramour. There was a heated argument, and appellant unloaded a .22 caliber pistol he had with him and placed it on the back seat of his car. The discussion did not resolve the dispute, and the parties separated.

Mrs. McLaughlin's sister lived in Houtzdale, Pennsylvania, and appellant decided to go there, as his wife would probably be there and they could continue to discuss their problems. As appellant was driving toward Houtzdale, he noticed his wife's car on the opposite side of the highway, headed toward Clearfield. He crossed the median strip and stopped his wife's car. After some discussion between appellant and his wife and some shouting by the victim's mother, who was in the victim's car, appellant drove away.

As appellant began driving away, his wife signaled him to stop and return. During this encounter, appellant's mother-in-law got out of the car and was approaching appellant's car. Appellant had previously acquired a 30.06 rifle, together with eighteen shells, from a friend for the avowed purpose of going to a shooting contest. As his mother-in-law approached, appellant pointed the rifle out of the passenger window and admonished her to stop. After a brief discussion, the rifle discharged, striking the victim. Appellant claims that the rifle was accidentally discharged when the

1. Appellant originally entered a guilty plea to a general charge of murder. He then sought to withdraw his plea, and this court granted his request. *Commonwealth v. McLaughlin*, 469 Pa. 407, 366 A.2d 238 (1976).

butt end of the rifle struck the car seat as he attempted to remove the rifle from the window. The Commonwealth contended, however, that the rifle was intentionally fired.

Appellant argues that the court erred in failing to charge the jury on voluntary and involuntary manslaughter, as he had requested. While appellant's trial took place in February, 1977, the homicide occurred on August 27, 1972. Therefore, the applicable law imposing criminal culpability is the Penal Code of 1939 (formerly 18 P.S. § 4101, et seq.).

Initially, we note that appellant's allegation of error concerning the trial court's failure to give his requested point on voluntary manslaughter is meritless. The record reveals that the court did, in fact, charge on voluntary manslaughter.

However, appellant argues that the trial court erred in not instructing the jury on involuntary manslaughter as requested. We agree and reverse the judgment of sentence and remand for a new trial. Appellant was indicted on a general charge of murder and no indictment was returned charging appellant with involuntary manslaughter. As stated above, appellant was tried under the 1939 Penal Code, rather than the Crimes Code, 18 Pa.C.S.A. § 101, et seq. Therefore, our analysis must review cases decided under the 1939 Penal Code.

At the outset, it must be noted that this court's decisions in *Commonwealth v. Polimeni*, 474 Pa. 430, 378 A.2d 1189 (1977), *Commonwealth v. Garcia*, 474 Pa. 449, 378 A.2d 1199 (1977), and *Commonwealth v. Ford*, 474 Pa. 480, 378 A.2d 1215 (1977), offer no direct support for appellant's proposition that he was entitled to a jury instruction concerning involuntary manslaughter on a homicide conviction instituted under the 1939 Penal Code. The above cases and the cases following their rationales are clearly predicated upon the Crimes Code.

In *Commonwealth v. Moore*, 463 Pa. 317, 344 A.2d 850 (1975), the plurality opinion stated:

" . . . Thus, if a jury, giving credence to a defendant's version of an encounter could find that defendant guilty of involuntary manslaughter, fundamental fairness dictates the consolidation, upon request, of that indictment with the murder and voluntary manslaughter indictments as possible jury verdicts. As noted in *Commonwealth v. Thomas*, [403 Pa. 553, 170 A.2d 112 (1961)] the failure to consolidate leads to a refusal to instruct the jury on involuntary manslaughter. In those instances where an involuntary manslaughter verdict would be supported by the evidence, the failure to so acquaint the jury prevents it from operating with full knowledge of the relevant law and precludes the defendant from having a fair trial.

"Involuntary manslaughter, which differs from murder in that specific intent and malice are absent encompasses, 'the killing of another without malice and unintentionally, but in doing some unlawful act not amounting to a felony nor naturally tending to cause death or great bodily harm, or in negligently doing some act lawful in itself, or by the negligent omission to perform a legal duty. *Commonwealth v. Mayberry*, 290 Pa. 195, 198, 138 A. 686, 687 (1927). See also *Commonwealth v. Jones*, 452 Pa. 569, 308 A.2d 598 (1973); *Commonwealth v. Flax*, [331 Pa. 145, 200 A. 632 (1938)]. Where the act itself is not unlawful to make it criminal, the negligence must be such a departure from prudent conduct as to evidence a disregard for human life or an indifference to the consequences. *Commonwealth v. Feinberg*, 433 Pa. 558, 566, 253 A.2d 636 (1969); *Commonwealth v. Aurick*, 342 Pa. 282, 288–289, 19 A.2d 920 (1941)." *Id.*, 463 Pa. at 322, 344 A.2d at 852–853.

The court in *Moore* found it unnecessary to discuss or decide the propriety of a charge on involuntary manslaughter absent an indictment, as its rationale was based on the failure to consolidate a murder indictment and an involuntary manslaughter indictment. However, we believe the same consideration of fundamental fairness that was present in *Moore* is equally forceful in this case. Although no

indictment for involuntary manslaughter was returned against appellant, his testimony would, if believed, permit a finding of involuntary manslaughter.

Therefore we are of the opinion that when the evidence, from whatever source, would support a verdict of involuntary manslaughter, and a defendant requests such an instruction with or without an indictment, fundamental fairness requires a trial court to instruct a jury on the elements of involuntary manslaughter.

Judgment of sentence reversed and case remanded for a new trial.

EAGEN, C. J., concurs in the result.

NIX, J., files a Dissenting Opinion in which LARSEN, J., joins.

NIX, Justice, dissenting.

This is the second time appellant has sought relief from this Court, see *Commonwealth v. McLaughlin*, 469 Pa. 407, 366 A.2d 238 (1976). Today the majority is willing to accommodate him by reversing a judgment of sentence for a trial ruling which was unquestionably correct at the time that it was made.

Appellant was tried for murder under the provisions of the Penal Code of 1939, formerly 18 P.S. § 4101 *et seq.*, as amended, because the homicide occurred on August 27, 1972, prior to the effective date of the new Crimes Code, 18 Pa.C.S.A. § 101 *et seq.* The appellant contends that the trial court erred in refusing to charge the jury regarding involuntary manslaughter thereby foreclosing the possibility of that verdict. While such an instruction has over my dissent been determined to be proper under the criminal homicide provisions of the new Crimes Code, 18 Pa.C.S.A. §§ 2501–05, see, e. g., *Commonwealth v. Polimeni*, 474 Pa. 430, 378 A.2d 1189 (1977); *Commonwealth v. Garcia*, 474 Pa. 449, 378 A.2d 1199 (1977); *Commonwealth v. Ford*, 474 Pa. 480, 378 A.2d 1215 (1977); it was settled law that such an instruction was improper under the homicide provisions of the Penal Code of

1939. *See, e. g., Commonwealth v. Jackson,* 450 Pa. 417, 419 n. 2, 299 A.2d 209, 210 n. 2 (1973); *Commonwealth v. Hoffman,* 439 Pa. 348, 357, 266 A.2d 726, 731 (1970); *Commonwealth v. Reid,* 432 Pa. 319, 322, 247 A.2d 783, 785 (1968); *Commonwealth v. Edwards,* 431 Pa. 44, 52, 244 A.2d 683, 687 (1968); *Commonwealth v. Soudani,* 398 Pa. 546, 547 n. 1, 159 A.2d 687, 688 n. 1, *cert. denied,* 364 U.S. 886, 81 S.Ct. 177, 5 L.Ed.2d 107 (1960); *Commonwealth v. Comber,* 374 Pa. 570, 573–74, 97 A.2d 343, 344 (1953); *Commonwealth v. Palermo,* 368 Pa. 28, 31–32, 81 A.2d 540, 541–42 (1951); *Commonwealth v. Hardy,* 347 Pa. 551, 554, 32 A.2d 767, 768 (1943).* Since appellant was retried under the provisions of the 1939 Penal Code, the decisional law mandated that an instruction on involuntary manslaughter should not have been given. Thus the trial court's ruling was consistent with the clearly defined law and should not be disturbed at this late stage.

LARSEN, J., joins this opinion.

---

\* Long before the enactment of the 1939 Penal Code this principle was firmly entrenched in the law of homicide in this jurisdiction. *See, e. g., Commonwealth v. Mayberry,* 290 Pa. 195, 199, 138 A. 686, 688 (1927); *Hilands v. Commonwealth,* 114 Pa. 372, 380–81, 6 A. 267, 268 (1886); *Walters v. Commonwealth,* 44 Pa. 135 (1863); *Commonwealth v. Gable,* 7 Serg. & R. 423, 424 (1821).