John Edward BISHOP, Appellee,

v.

J. F. MAZURKIEWICZ and The Attorney General of the Commonwealth of Pennsylvania.

Appeal of Commonwealth of Pennsylvania.

No. 80–1423.

United States Court of Appeals, Third Circuit.

Argued Oct. 14, 1980.

Decided Dec. 2, 1980.

Rehearing and Rehearing In Banc Jan. 5, 1981.

Alan Ellis, Ellis & Fogelnest, Philadelphia, Pa., for appellee.

Kim C. Kesner, Asst. Dist. Atty., Clearfield, Pa., for appellant.

Before HUNTER, WEIS, Circuit Judges, and FISHER,* District Judge.

## OPINION OF THE COURT

CLARKSON S. FISHER, District Judge.

The Commonwealth of Pennsylvania appeals from the grant of a writ of *habeas corpus* by the district court. Petitioner is serving a four–to–ten–year sentence at Rockview, Pennsylvania, for voluntary manslaughter.[1] After the Supreme Court

---

* Honorable Clarkson S. Fisher, Chief Judge of the United States District Court for the District of New Jersey, sitting by designation.

1. 18 Pa.C.S. § 2503 (1973) defines voluntary manslaughter as follows:

(a) General rule.–A person who kills an individual without lawful justification commits voluntary manslaughter if at the time of the killing he is acting under a sudden and intense passion resulting from serious provocation by:

(1) the individual killed; or

(2) another whom the actor endeavors to kill, but he negligently or accidentally causes the death of the individual killed.

(b) Unreasonable belief killing justifiable.–A person who intentionally or knowingly kills an individual commits voluntary manslaughter if at the time of the killing he believes the circumstances to be such that, if they existed, would justify the killing under Chapter 5 of this title, but his belief is unreasonable.

of Pennsylvania affirmed his conviction in a *per curiam* opinion, petitioner instituted this action.

Petitioner claims that the trial court committed error in its refusal to instruct the jury on the elements of involuntary manslaughter.[2] The matter was submitted to a magistrate who recommended that the trial court's failure to instruct the requested charge amounted to constitutional error. The district court judge disagreed, but granted the writ, holding that while due process did not mandate a charge of involuntary manslaughter, inconsistent decisions by the Pennsylvania Supreme Court on the necessity of instructing manslaughter in homicide cases failed to give trial judges adequate guidance and thereby created disparate treatment of defendants. We reverse.

This case evolved from a killing at petitioner's home on December 5, 1975. Petitioner and a friend, Franklin Albright, arrived there after a day of drinking. Returning from another room, petitioner found Albright with his clothes in disarray and genitals exposed. Albright then demanded the petitioner perform an unnatural act upon him. Petitioner left the room, returned with a shotgun and ordered Albright out of the house. When Albright advanced on him, petitioner shot and killed Albright.

At trial in the Court of Common Pleas of Clearfield County, Pennsylvania, petitioner argued self–defense. The trial court instructed the jury on first–degree murder, third–degree murder and voluntary manslaughter, refusing to charge involuntary manslaughter on the basis that the instruction was unsupported by the evidence. The jury returned a verdict of voluntary manslaughter.

■ Due process does not require a jury instruction unless the proposed instruction has rational support in the evidence. *Keeble v. Johnson*, 412 U.S. 205, 93 S.Ct. 1993,

36 L.Ed.2d 844 (1973). Nor does the Constitution require a jury instruction on lesser included offenses where the evidence does not support it. *Keeble, supra* at 214, 93 S.Ct. at 1998, and *see Sansone v. United States*, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965). Consequently in *Hallowell v. Keve*, 555 F.2d 103 (3d Cir. 1977), this Court agreed that a Delaware court was correct in refusing to charge the jury on involuntary manslaughter where it was unsupported by the evidence. When this trial first occurred, the weight of Pennsylvania authority disallowed an involuntary manslaughter verdict on a murder indictment. *Commonwealth v. Polimeni*, 474 Pa. 430, 378 A.2d 1189, 1191 (1977).

In 1972, Pennsylvania Crimes Code 18 Pa.C.S. § 101 *et seq.* (Supp.1977–78) established the offense of criminal homicide, resulting in the judicial view that involuntary manslaughter is a lesser included offense therein. 18 Pa.C.S. § 2501(b); *Commonwealth v. Polimeni, supra*. This classification created some diversity of opinion among Pennsylvania Supreme Court justices on a defendant's right to an involuntary manslaughter instruction. Grounded in the belief that involuntary manslaughter is a lesser included offense and any evidence that would justify a verdict of first or third–degree murder could also justify a verdict of involuntary manslaughter, Justice Roberts in *Commonwealth v. Garcia*, 474 Pa. 449, 378 A.2d 1199 (1977) and Justice O'Brien in *Commonwealth v. Dussinger*, 478 Pa. 182, 386 A.2d 500 (1978) agreed that a defendant is entitled to an involuntary manslaughter instruction when requested in a criminal homicide prosecution. In contrast, Justice Pomeroy and Chief Justice Eagen in *Commonwealth v. Polimeni, supra*, reflected a narrower view, holding that a defendant in a criminal homicide, who so requests, is entitled to an involuntary manslaughter instruction if the evidence could support such a verdict.

---

**2.** 18 Pa.C.S. § 2504 (1973) defines involuntary manslaughter as follows:

A person is guilty of involuntary manslaughter when as a direct result of the doing of an unlawful act in a reckless or grossly negligent manner, or the doing of a lawful act in a reckless or grossly negligent manner, he causes the death of another person.

It is this divergence that led the district court to issue the writ of *habeas corpus* on the belief that, since Pennsylvania trial judges are inadequately guided in charging involuntary manslaughter, Bishop was denied due process when the jury was not so charged. However, the district court's view is contrary to case law holding that neither state appellate inconsistency nor lack of uniformity in judicial decisions generally violate due process. *Lavasek v. White*, 339 F.2d 861 (10th Cir. 1965); *Beck v. Washington*, 369 U.S. 541, 82 S.Ct. 955, 8 L.Ed.2d 98 (1962). Further, notwithstanding the prior divergence of opinion, the Pennsylvania Supreme Court has resolved this issue in *Commonwealth v. White*, —— Pa. ——, 415 A.2d 399 (1980), which stated: "... to finally clarify this situation, we now hold that in a murder prosecution, an involuntary manslaughter charge shall be given only when requested, and where the offense has been made an issue in the case and the trial evidence reasonably could support such a verdict." *See also Commonwealth v. Williams*, —— Pa. ——, 415 A.2d 403 (1980). Therefore, the State trial court was prophetically correct, albeit prior to a clear edict from the Pennsylvania Supreme Court, in denying Bishop's request for an involuntary manslaughter instruction.

In viewing the evidence presented at trial, it appears that a jury could not have found Bishop guilty of involuntary manslaughter. The testimony at trial spoke more to the likelihood of Albright's death resulting from Bishop's self–defense than his gross negligence or recklessness. Bishop fired the gun, allegedly in self–defense, under circumstances "naturally tending to cause death or serious bodily harm." *Commonwealth of Pennsylvania v. Mayberry*, 290 Pa. 195, 138 A. 686 (1927). Thus, the evidence would not support a finding of involuntary manslaughter and, consequently, did not mandate such a jury instruction.

The judgment of the court below is reversed and the writ of *habeas corpus* is hereby vacated.