**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE )
)
v. ) I.D. # 2201007834
)
LINDSEY MALDONADO, )
)
Defendant. )

Submitted: October 13, 2023
Decided: November 3, 2023

## ORDER DENYING MOTION FOR MODIFICATION OF SENTENCE

On this 3rd day of November, 2023, upon consideration of Defendant, Lindsey Maldonado's ("Defendant") Motion for Sentence Modification (the "Motion"),[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1. On March 30, 2023, Defendant pled guilty to felony Act of Intimidation and misdemeanor Child Abuse in the Third Degree.[2] A pre-sentence investigation was Ordered and on July 19, 2023, Defendant was sentenced to eight (8) years at Level V, suspended after four (4) years followed by decreasing levels of probation for the felony Act of Intimidation offense and to one (1) year at Level V, to be served pursuant to 11 *Del. C.* 4204(k), for the misdemeanor Child Abuse in the Third

---

[1] *State v. Maldonado*, Crim. Act. ID No. 2201007834, D.I. 39.
[2] D.I. 24.

Degree offense.[3]   Various conditions of probation were Ordered, however they are not relevant to the instant motion.

2. On August 17, 2023, Defendant filed a Notice of Appeal with the Delaware Supreme Court, appealing both her "convictions and sentence imposed" by this Court.[4]   On October 13, 2023, Defendant filed the instant motion pursuant to Superior Court Criminal Rule 35(b), requesting modification only with respect to the imposition of the Child Abuse sentence which is to be served pursuant to 11 *Del. C.* § 4204(k).

3.      Under Superior Court Criminal Rule 35(b), "the court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed. This period shall not be interrupted or extended by an appeal, except that a motion may be made within 90 days of the imposition of sentence after remand for a new trial or for resentencing. The court may decide the motion or defer decision while an appeal is pending.  Further, the Court may decide the motion without presentation or formal hearing."[5]

4.      Being as this is Defendant's first motion to modify her sentence, and it was filed within ninety (90) days of sentencing, the motion is timely and will be

---

[3] D.I. 36.
[4] *Maldanado v. State of Delaware,* ID No. 293, 2023, D.I. 1.
[5] Super. Ct. Crim. R. 35(b).

considered on its merits.[6] The Court will also exercise its discretion and decide this motion despite the pendency of the aforementioned appeal.

5. While timely, Defendant's motion lacks merit. Defendant argues that based upon SENTAC policy, the imposition of § 4204(k) time should not have been imposed. Defendant's motion is filed under Rule 35(b), therefore, Defendant inherently acknowledges that the sentence imposed is within the bounds of the law.

6. Defendant correctly points out that a sentence imposed pursuant to § 4204(k) is treated as an exceptional circumstance and policy directives dictate a finding on the record which warrant its imposition.[7] Defendant's motion presupposes that the Court's decision to impose Defendant's time be served pursuant to § 4204(k) was the result of a finding that a sentence of less than total confinement would unduly depreciate the offense. While this aggravating circumstance was found, it was one of four aggravators found that apply to Defendant's sentences. The Court additionally found the SENTAC aggravators of "Child Domestic Violence Victim," "Vulnerability of Victim" and "Offense Against a Child" apply to Defendant, as well as other non-SENTAC aggravators. The Court acknowledged that Defendant has no prior criminal history. She was then sentenced accordingly.[8]

---

[6] Superior Court Criminal R. 35.

[7] Def. Mtn. for Sent. Modif. at ¶ 4-5; *White v. State*, 243 A.2d 381, 410-411 (Del. 2020).

[8] *See* SENTAC Benchbook, pp. 109-110.

7. Defendant pled guilty following an investigation and ultimate arrest by the Wilmington Police Department stemming from the long-term abuse of her minor adopted child, M.M.[9] At the time of sentencing, the Court had before it and fully considered the pre-sentence investigation and sentencing memorandums submitted by both the State and Defendant. The Court also heard and fully considered the victim impact statements given by the siblings of M.M., who spoke of their own victimization by Defendant and spoke on behalf of their brother.

8. From the above-mentioned resources, it was revealed that Defendant first fostered, then adopted her minor victim, as well as his three sisters and moved them from Pennsylvania to Delaware amidst the COVID-19 pandemic. The decision to move to Delaware was to cohabitate with Defendant's wife and co-defendant, Estella Maldonado-Quinone. Once in Delaware, Defendant and her wife engaged in an ongoing course of abuse directed at M.M. This abuse included, but was not limited to, M.M. having been zip tied to the basement stairs, given a bucket to use as a bathroom, having been refused food, or if he was fed, given only oatmeal and forced to consume it to the point of vomiting, at which point he was forced to eat his own vomit. At times, M.M. was subjected to physical violence, albeit at the hands of co-defendant Estella Maldonado-Quinone, and was whipped with phone chargers

---

[9] For the privacy of and out of respect for the child victim, Defendant's male victim will be referred to as "M.M."

and beaten with wooden spoons. These information sources additionally revealed that M.M. had also been forced to eat hot peppers on occasion, and subsequently had these peppers placed on his penis so that it burned when he urinated. It was also alleged that there were times when M.M. was forced to eat the feces of his younger sister, who was in diapers at the time. This fact is disputed by Defendant. Both parties agree that the driving force in the abuse of M.M. was her co-defendant, however, Defendant acknowledged her culpability in her complicit actions of knowingly permitting this behavior to occur.

9. For the felony charge of Act of Intimidation, the SENTAC guidelines call for up one year at either Level 2 or 3 probation. For the misdemeanor charge of Child Abuse Third Degree, SENTAC guidelines call for up to one year at Level 2 probation. This is Defendant's first conviction for both offenses.

10. Defendant cites to commentary of the SENTAC benchbook in support of her motion and correctly points out that aggravating circumstances should be found prior to an imposition of Level V time to be served pursuant to 11 *Del. C.* § 4204(l). Additionally, SENTAC provides that "[t]he presumptive sentencing range for a first conviction generally represents 25% of the statutory maximum; while serious aggravating factors may increase the penalty up to 100% of the statutory maximum."[10] SENTAC continues that, "[a]ggravating and mitigating factors are to

---

[10] *See* SENTAC Benchbook*, p. 21.

be used to explain a sentence imposed either above or below the presumptive sentence. Other factors, which do not appear on this list, may be utilized at the discretion of the sentencing judge. Although the increased or decreased penalties for most aggravating/mitigating circumstances are not specified, the 'up to 25%' increase/decrease guide should be utilized whenever suitable."[11] Notably, the SENTAC benchbook uses the word "should" in this commentary. This is because SENTAC is a guideline to the Court and while provides recommendations and best practices for most situations, it is not binding and the Court retains the legal authority to sentence a particular criminal defendant within the bounds of the statutory minimum and maximum time prescribed at Level V for any particular offense.[12]

11.     Here, multiple SENTAC aggravators were found on the record and explained to Defendant. The Court not only found SENTAC aggravators, but non-SENTAC aggravators, as well. All aggravators were explained fully on the record.[13]

12.     In so finding, the Court justified its departure from the SENTAC recommended sentence as well as its decision to impose 11 *Del. C.* § 4204(k) time for the Child Abuse Third Degree sentence. Defendant argues, citing to *White v.*

---

[11] *Id.*

[12] *White v. State*, 243 A.3d 381 (Del. 2020).

[13] D.I. 36.

*State*, that the Superior Court is traditionally reluctant to impose § 4204(k) upon sentencing.[14]  The Court did not do so lightly here.

13.     Defendant argues modification should be granted as she is unable to earn good time credit on her sentence for Act of Intimidation due to a Department of Correction policy which mandates any §4204(k) sentence be served prior any other.  She is therefore ineligible for employment and is not eligible to earn any early release time that could be credited from working.

14.     The Court is not persuaded that the lack of opportunity for early release outweighs the horrific nature of Defendant's crime.  At the time of sentencing, the Court stated with particularity the reasons behind Defendant's carefully crafted sentence.  Any consequences stemming from Defendants sentence are of her own making.

15.     Therefore, the Court finds no merit to Defendant's arguments presented in her motion and it is **DENIED**.

**IT IS SO ORDERED.**

_____
Danielle J. Brennan, Judge

Cc:   Nicholas Wynn, Esquire, Deputy Attorney General
      Patrick Collins, Esquire

---

[14] D.I. 39.