

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-21-2009

# DiVentura v. Wynder

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4341

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"DiVentura v. Wynder" (2009). *2009 Decisions.* Paper 1513.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1513

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-4341

MITCHELL D. DIVENTURA,

Appellant
v.

JAMES WYNDER, SUPERINTENDENT,
STATE CORRECTIONAL INSTITUTION
AT DALLAS, ET AL.

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court  No. 07-cv-02846
District Judge: The Honorable John R. Padova

No. 07-4342

MITCHELL D. DIVENTURA,

Appellant

v.

JOHN MORGANELLI, ESQ., DISTRICT ATTORNEY
NORTHAMPTON COUNTY, PENNSYLVANIA

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court  No. 07-cv-03975
District Judge: The Honorable John R. Padova

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)

April 14, 2009

Before: McKEE, SMITH, *Circuit Judges*
and STEARNS, *District Judge**

(Filed: April 21, 2009)

———————————

OPINION

———————————

SMITH, *Circuit Judge.*

Mitchell D. Diventura was convicted by a jury in 1977 of the first degree murder

of his wife. On direct appeal, the Superior Court of Pennsylvania concluded that he had

been denied the effective assistance of trial counsel because of counsel's failure to request

a jury instruction on involuntary manslaughter. *Commonwealth of Pennsylvania v.*

*Diventura*, 411 A.2d 815, 818 (Pa. Super. Ct. 1979), *aff'd* 439 A.2d 1154 (Pa. 1982). On

retrial, a jury again convicted Diventura of first degree murder, and he was sentenced to

life imprisonment. Diventura did not file a direct appeal.

Thereafter, he filed a pro se petition for relief under the Pennsylvania Post

Conviction Hearing Act (PCHA), which has since been repealed and replaced with the

Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. §§ 9541-9546. According to

Diventura, he withdrew his PCHA petition without prejudice pursuant to an agreement

with the prosecution by which he would receive letters from the trial judge and the

prosecutor in support of his pending application for executive clemency from the

———————————

*The Honorable Richard G. Stearns, District Judge for the United States District Court of Massachusetts, sitting by designation.

2

prosecutor and the trial judge.  When the Governor of Pennsylvania denied Diventura's application for clemency, he filed a motion to reinstate his PCHA petition.  Despite the fact that he had withdrawn his PCHA without prejudice, the trial court denied reinstatement.  Thereafter, Diventura filed a PCRA, which was rejected by the trial court.

Diventura's first petition for habeas corpus under 28 U.S.C. § 2254 followed in 1995.  *Diventura v. Stepniak*, No. 95-CV-0443, 1996 WL 107852, at *1 (E.D. Pa. March 11, 1996).  The District Court denied the petition.  Thereafter, Diventura filed a third PCRA petition in June of 1996.  This was rejected by both the state trial and appellate courts.  *Commonwealth v. Diventura*, 734 A.2d 397, 398 (Pa. Super. Ct. 1999).  A fourth PCRA petition, filed in October of 1998, met a similar fate.  *Id.*

Diventura applied for executive clemency in 2003.  This time he was unable to obtain a letter of support from the District Attorney.  After the Board of Pardons denied Diventura's application, Diventura sought relief in the Pennsylvania Superior Court, alleging that the Commonwealth breached the 1987 agreement by failing to support his most recent clemency application, and that his right to file a direct appeal should be granted nunc pro tunc.  The application was denied, and the Pennsylvania Supreme Court affirmed.

Diventura turned to the federal district court again, filing a pro se "Motion for Equitable Relief in the Exercise of this Court's Inherent Article III Powers and/or for Relief from Judgment 28 U.S.C. Rule 60(b)."  In addition to Diventura's pro se motion, counsel filed a "Complaint for Equitable Relief Pursuant to Article III, [the] U.S. Constitution and Fed. R. Civ. P. 60(b)(6)."  Diventura's motion and the counseled

complaint alleged that he had withdrawn his PCHA petition without prejudice as part of

an agreement with the Commonwealth to support his application for clemency. He

asserted that the District Attorney's opposition to his clemency application was a breach

of the agreement entered into in 1987 and he prayed for reinstatement of his original

PCHA petition so that he could litigate the issues which would have been litigated had no

agreement been made. According to Diventura, reinstatement of his PCHA would

remedy a breach of an agreement that "hoodwinked [him] out of his constitutional rights

to appeal."

The District Court construed the pro se motion and the counseled complaint as

habeas corpus petitions seeking the reinstatement of his PCHA petition and dismissed

them as unauthorized second or successive applications pursuant to § 2244(b)(1) of the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). A motions panel of

this Court granted a certificate of appealability "on the jurisdictional and/or procedural

question whether the District Court erred in applying 28 U.S.C. § 2244(b) to bar

consideration on the merits of [Diventura's] pro se motion . . . and counseled complaint."[1]

The order identified the "'valid' underlying constitutional claim" as whether Diventura

"was induced by the Commonwealth to waive a remedy that could have restored his right

to a direct appeal by a promise, since broken, to recommend clemency." Neither party,

---

[1]We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. Our review regarding exhaustion and procedural default is plenary. *Fahy v. Horn*, 516 F.3d 169, 179 (3d Cir. 2008).

4

however, addressed whether § 2244(b) was properly applied.[2]

The AEDPA established new procedural and substantive requirements for habeas petitions. One of the new procedural hurdles was the requirement in § 2244(b) that a second or successive petition must satisfy certain criteria. 28 U.S.C. § 2244(b). Although this gatekeeping provision seems to apply to Diventura's motion and complaint filed in 2007, we must be mindful that Diventura's initial § 2254 habeas petition was filed in 1995, before AEDPA was enacted. Because application of § 2244(b) would have a retroactive effect upon Diventura if it foreclosed habeas review that would have been available under the pre-AEDPA abuse of the writ doctrine, *In re Minarik*, 166 F.3d 591, 602 (3d Cir. 1999), we must apply pre-AEDPA law and determine whether Diventura's

---

[2]Section 2244(b) provides:

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
    (B) (I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b).

claim was raised in an earlier habeas petition. If so, the claim would have been barred

and we may apply § 2244(b)'s gatekeeping provisions to Diventura's most recent filings.

If Diventura's claim is new, however, we must determine whether Diventura has

demonstrated cause and prejudice for failing to present it in the state court. *See*

*McCleskey v. Zant*, 499 U.S. 467, 494 (1991).[3] "In the absence of such a showing,

however, . . . the AEDPA standard must be applied . . . ." *Minarik*, 166 F.3d at 602.

Diventura's claim, that as a result of agreeing to withdraw his PCHA petition he

"was hoodwinked out of his constitutional rights to appeal," is new. It was not presented

in his PCHA petition, or in any of the collateral attacks he has filed.

Under pre-AEDPA law, he may proceed with this new claim if he demonstrates

cause and prejudice for failing to raise it in his earlier petition. *McCleskey*, 499 U.S. at

494.

> [T]he cause standard requires the petitioner to show that some objective
> factor external to the defense impeded counsel's efforts to raise the claim in
> state court. Objective factors that constitute cause include interference by
> officials that makes compliance with the State's procedural rule
> impracticable, and a showing that the factual or legal basis for a claim was
> not reasonably available to counsel.

*Id.* Diventura asserts that he was prevented from raising this claim in his earlier petitions

---

[3]The cause and prejudice standard also may be satisfied if the petitioner can demonstrate that "a fundamental miscarriage of justice would result from a failure to entertain the claim." *McCleskey*, 499 U.S. at 495. This requires a showing that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (internal citation and quotation marks omitted). No such claim has been pressed here, and we are persuaded by the District Court's analysis in Diventura's first § 2254 petition that Diventura cannot establish a claim of actual innocence. *Diventura*, 1996 WL 107852, at *7-9.

because of the agreement he made with the prosecutor in 1987 to withdraw his PCHA petition in exchange for the support of his clemency application by the trial judge and the prosecutor, and that it was only after the District Attorney refused in 2004 to support his clemency application that this claim was ripe.

We are not persuaded. Even if we assume that the agreement alleged by Diventura existed and in some way interfered with the restoration of Diventura's right to file a direct appeal, he cannot show that the factual basis for this ground for relief was not reasonably available prior to the District Attorney's refusal in 2004 to support his application for clemency. The state court docket indicates that after Diventura's first application for clemency was denied in 1990, Diventura promptly filed a petition to reinstate his PCHA petition. Contrary to the alleged agreement to withdraw the petition *without prejudice*, the trial court denied the petition for reinstatement. This was a breach of the agreement that he would be able to reinstate his PCHA petition (which, if successful, would have allegedly restored his right to file a direct appeal). As a result of this breach, Diventura had an opportunity at that point to file an appeal to the Superior Court, raising this very ground for relief. He did not. A21.

In short, Diventura cannot establish cause under pre-AEDPA law for failing to raise this claim in state court. Accordingly, we must apply AEDPA's gatekeeping provision in § 2244(b). *Minarik*, 166 F.3d at 602.

Section 2244(b) bars the filing of a second or successive petition unless it meets certain requirements. 28 U.S.C. § 2244(b). In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court instructed that a motion under Federal Rule of Civil Procedure 60(b)

7

should be treated as a second or successive habeas petition for purposes of § 2244(b) if it "assert[s] a federal basis for relief from a state court's judgment of conviction." *Id.* at 530. As an example of a Rule 60(b) motion that qualified as a successive petition, the *Gonzalez* Court cited a motion that sought leave to add a claim of constitutional error that had been omitted from an earlier petition. 545 U.S. at 531.

Here, Diventura's motion and complaint seek the reinstatement of his PCHA petition as a means of restoring his right to file a direct appeal. This constitutional ground for relief, however, was omitted from his PCHA petition, as well as his PCRA petitions and his initial § 2254 petition. Under *Gonzalez*, a motion seeking to add a ground for relief should be treated as a successive habeas petition. 545 U.S. at 531. Because these successive petitions cannot satisfy § 2244(b)(2)'s requirements, we will affirm the District Court's dismissal of Diventura's pro se motion and counseled complaint.[3]

---

[3]We have considered the other arguments raised in Diventura's appellate brief and find them lacking in merit.

8